## LITTLE et al. v. KELLAM et al.

(Circuit Court, N. D. New York. March 19, 1900.)

TRADE-NAMES—UNFAIR COMPETITION—"SOROSIS" SHOES.

Complainants adopted the name "Sorosis" as a trade-mark for a shoe for women manufactured by them of superior workmanship and a characteristic appearance. After the shoe by that name had become known and popular, defendants, who were shoe manufacturers of the same city, began the use of the name "Sartoris," afterwards changed to "Sartoria" and "Satoria," to designate a woman's shoe of their make, very similar in appearance, but inferior in quality, to complainants' "Sorosis" shoes. *Held,* that such action constituted unfair competition, the similarity in names and in appearance together rendering it probable that retail dealers would deceive purchasers into buying defendants' shoes for those of complainants.

In Equity. On final hearing.

Rowland Cox, for complainants.
Edward S. Beach, for defendants.

COXE, District Judge. This is a bill to restrain unfair competition. The complainants are manufacturers of "Sorosis" shoes for women. The original defendant was a dealer at Albany, N. Y., in shoes manufactured by Kellam, Tilton & Co. The manufacturers have intervened and will hereafter be referred to as the defendants. They are the real parties in interest and should be so treated.

In the spring of 1896 the complainants, who have their manufactory at Lynn, Mass., adopted, in advance of all others, the trade-name "Sorosis" to designate shoes made by them. Their shoes are of superior workmanship and have a characteristic appearance. The "Sorosis" shoes very soon became popular and the complainants under this name have built up a large, profitable and constantly increasing business. Two years after the name "Sorosis" had been chosen, after a good will had been created and the commercial success of the complainants' shoes had been assured the defendants, also manufacturers of women's shoes at Lynn, selected the name "Sartoris" as their trade-mark. This name was applied to a cheaper grade of shoe which in appearance very closely resembles the "Sorosis" shoe. In all prominent and characteristic features one shoe might easily be mistaken for the other by a casual observer. For reasons which it is unnecessary to dwell upon "Sartoris" was changed successively to "Sartoria" and "Satoria." The use of the name "Sartoris" to designate corsets or bonnets or even women's galoches would probably not interfere with the complainants' trade, but, on the other hand, its use in connection with shoes which, in appearance, are almost identical with the "Sorosis" shoes, may, and probably will, confuse and mislead the public. Purchasers are notoriously careless as to details. The salient features of an article, which has been tried and found satisfactory in the past, are remembered, but not the minute particulars. In the multitude of commodities which the ingenuity engendered by competition presents to the consumer, it is impossible for him to do more than retain in memory the general features of the

article which impresses him, sufficiently to enable him to describe and identify it in case he wishes to purchase. If a manufacturer has built up a good will and made a fortune in selling his goods under a unique and popular trade-name there is danger, if another manufacturer of the same city adopts a similar name to designate similar goods, that confusion will result in the minds of purchasers which can only tend to the injury of the former. The ease with which thoughtless purchasers are misled by the nomenclature of trade, adopted to convey false and misleading impressions to eye and ear, induces the courts to be diligent and zealous in protecting such purchasers from deception and honest traders from dishonest competition. An honorable manufacturer wishes to sell his goods on their merits. He has an endless list from which to select his trade-names and symbols. He will naturally select one which differentiates his goods from those of similar dealers in the most pronounced manner possible. When, therefore, a manufacturer chooses a name similar in sound and appearance to a name which represents a marked business success and dresses up his goods in such a manner that the public may be misled, his conduct raises a presumption of unfairness.

Let us assume that a woman has seen and examined the "Sorosis" shoe and has heard from friends of its advantages. She may not become a purchaser until months afterwards when the impression made upon her memory has become confused and indistinct. She may recall the general appearance of the shoe, the fact that it was made in Lynn, that it was called the "New Shoe for Women" and that its trade-name began and ended with the letter "S." After stating to the salesman her hazy recollection it would seem a very easy task on his part to convince her that a shoe almost identical in appearance and with a similar name is the one she is seeking. A salesman who would permit her to depart without having made a purchase would in all probability be discharged by his employer as hopelessly deficient in persuasive power. In order to make the sale it would not be necessary for the salesman to indulge in open deception and falsehood. The mere production of the shoe or the mere uttering of its name might accomplish the result. And yet the purchaser entered the shop intending to purchase a "Sorosis" shoe. She could not have been deceived by a "Jenness Miller" shoe or a "Bryn Mawr" shoe, for the differences at all points are too pronounced; but between the shoes in controversy the resemblance at all points is so pronounced that deception is not only possible but probable. Exact identity is not found anywhere, but similarity is found everywhere. It is not necessary that the two things should be identical, if they are substantially alike, so that the ordinary purchaser may be misled, it is enough.

There can be no doubt that the conduct of the defendants has put it into the power of retail dealers to palm off their shoes upon those intending to purchase the shoes of the complainants. If, as the defendants insist, there is no intent on their part to mislead the public, if their purpose be to sell their shoes on their merits, an injunction will not injure but will benefit them.

The affirmative defenses have been examined with care, but it is

thought the defendants have failed to prove fraud or laches on the part of the complainants which prevents them from enforcing their rights. The court agrees with the counsel for the complainants that the only adequate remedy in these cases is an injunction. It is thought that an accounting will involve both parties in an expensive and tedious investigation which will result in nothing practical. The complainants are entitled to a decree enjoining the use of the words "Sartoris," "Sartoria," "Satoria" and similar combinations of letters, when used in connection with women's shoes.