### N. K. FAIRBANKS CO. v. OGDEN PACKING & PROVISION CO.

(District Court, D. Utah. June 22, 1914.)

No. 372.

1. TRADE-MARKS AND TRADE-NAMES ⊝59—INFRINGEMENT—SIMILARITY IN NAMES.

   The registered trade-mark, "Cottolene," under which plaintiff was selling a substitute for lard, was infringed by the adoption and use of the name "Chefolene" for a similar product, sold in competition with plaintiff's product, as there was a sufficient similarity in sound to have a substantial tendency to confuse purchasers, and the uneducated and inexperienced might well be misled by the similarity, without heedlessness.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 101, 102; Dec. Dig. ⊝59.]

2. TRADE-MARKS AND TRADE-NAMES ⊝59—INFRINGEMENT—SIMILARITY IN NAMES.

   A trade-mark is infringed, if the name selected for a product similar to that sold under such trade-mark substantially lessens the value of the property right in the trade-mark.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 101, 102; Dec. Dig. ⊝59.]

3. TRADE-MARKS AND TRADE-NAMES ⊝59—INFRINGEMENT—SIMILARITY IN NAMES.

   Any doubt as to whether the similarity between a registered trade-mark and a trade-name subsequently adopted for a similar product will mislead purchasers should be resolved against the party selecting such

---

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

similar name with knowledge of the existence of the trade-mark, since, having a wide range of selection, it approximated the trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 101, 102; Dec. Dig. ☞59.]

In Equity. Suit by the N. K. Fairbanks Company against the Ogden Packing & Provision Company. Decree for plaintiff.

Archibald Cox, of New York City, for complainant.
Smith & McBroom, of Salt Lake City, Utah, for respondent.

MARSHALL, District Judge. [1] The plaintiff manufactures and sells a substitute for lard, which is principally composed of cotton seed oil and oleostearine, and is by it called "Cottolene." It adopted the word "Cottolene" as a trade-name of the product, and duly registered it as its trade-mark under the act of Congress. It has expended large sums of money in introducing and advertising its lard substitute under this name, and its ownership thereof as a valid trade-mark is admitted by the defendant. The defendant also manufactures a lard substitute of substantially the same descriptive properties as that of the plaintiff, and sells it in competition with the plaintiff's product for the same uses. The defendant commenced this manufacture and sale long after the plaintiff originated and registered its trade-mark, and at first called its substitute by the descriptive name "Compound." The plaintiff began a systematic attempt to popularize "Cottolene" in Ogden, Utah, where the defendant was conducting its business; and thereafter the defendant selected the name of "Chefolene" for its product, and under this name sold it in competition with the plaintiff. The price at which it was sold to the trade permitted the retail dealer to make a larger profit by selling Chefolene than if he sold Cottolene, so that he had an interest to substitute the one for the other. This suit was then brought to enjoin the use of the name "Chefolene" in connection with a lard substitute, under the contention that it colorably imitated the plaintiff's trade-mark and was an infringement.

[2, 3] Unfair competition is not claimed, because the defendant's labels and packages are distinctive in appearance, size, and inscription. The two products cannot be confused, unless through mere similarity of the names. The plaintiff's trade-mark, "Cottolene," is a valuable part of its good will, in which it has a property right. If the name selected by the defendant for its product substantially lessens the value of the plaintiff's right, it is an infringement. The two names have a certain similarity in sound and appearance. The ideas connoted by them are, however, different. The plaintiff's trade-mark was evidently selected to suggest the substances compounded by it; The defendant's name, omitting the suffix, the use to be made of the product. The suffix of each is identical, and I am inclined to the opinion that there is a sufficient similarity in sound to have a substantial tendency to confuse a purchaser, and make it practicable to substitute one for the other. It is not a question of confounding the two products,

if placed in juxtaposition, or if there was a conscious effort to discriminate between them.

A certain proportion of the ultimate purchasers of such a lard substitute will be found among the uneducated and inexperienced, to whom the two names will convey no idea, except as they are associated with the product bought, and who, without heedlessness, may well be misled. Any doubt as to this should be resolved against the defendant, for it had a wide range of selection, and, knowing the existence of the plaintiff's trade-mark, approximated it. It is difficult to avoid the conclusion that it was intended by this approximation to obtain an advantage through the plaintiff's efforts to popularize Cottolene, so far, at least, as to convey to the purchaser the idea that Chefoline was a similar article, intended and adapted to the same uses. This, in itself, was not unlawful; but it imposed the duty to use care to so discriminate the two names that a purchaser could not be deceived. The argument for the defendant that the distinction between the roots of the two words is so patent that the similarity of endings cannot confuse is ingenious, but hardly persuasive. This is doubtless true with a limited number of purchasers, who would readily associate the root with the idea suggested; but the plaintiff's good will is not so restricted, and must be protected in its broader field.

The cases are numerous in which names, differing as radically as the two here, have been held the one to be an infringement of a trade mark in the other. As illustrations: The names Mojava and Momaja, American Grocery Co. v. Sloan (C. C.) 68 Fed. 539; Cotoleo and Cottolene, N. K. Fairbanks Co. v. Central Lard Co. (C. C.) 64 Fed. 133; Cellonite and Celluloid, Celluloid Mfg. Co. v. Cellonite Mfg. Co. (C. C.) 32 Fed. 101; Sapono and Sapolio, Enoch Morgan's Sons v. Ward, 152 Fed. 691, 81 C. C. A. 616, 12 L. R. A. (N. S.) 729; Bovina and Boviline, Lockwood v. Bostwick, 2 Daly (N. Y.) 521; Sartoris and Sorosis, Little v. Kellam (C. C.) 100 Fed. 353.

The plaintiff is entitled to the usual decree for an injunction and an accounting; and it will be so ordered.