NATHAN BREGSTONE, Appellant, *v.* BARNET GREENBERG and CHARLES STEIN, Copartners Trading under the Firm Name and Style of GREENBERG & STEIN, Respondents.

First Department, May 28, 1920.

**Injunction — unfair business competition — use of label imitating plaintiff's trade mark — temporary injunction granted.**

Suit for an injunction to restrain the defendants from using a trade label with the words " The Aero Brand " which is alleged to be an imitation of the plaintiff's trade mark " The Hero Brand." It appeared that one of the defendants had been employed by the plaintiff for a number of years in selling shirts well known to the trade as the " Hero Brand " which was the registered trade mark of the plaintiff, and that after leaving his employment he formed a partnership and sold similar goods labeled " The Aero Brand." On all the evidence, *held,* that there was a deliberate

case of unfair competition on the part of the defendants, irrespective of the plaintiff's absolute right to his trade mark, and that an injunction *pendente lite* was properly granted.

Clarke, P. J., dissents.

Appeal by the plaintiff, Nathan Bregstone, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of December, 1919, denying plaintiff's motion for an injunction *pendente lite.*

*Mark E. Goldberg,* for the appellant.

*Max Schleimer* of counsel [*Nathan H. Stone* with him on the brief; *Stone & Schleimer,* attorneys], for the respondents.

Greenbaum, J.:

Plaintiff appeals from an order made at Special Term, denying a motion for an injunction to restrain the defendants *pendente lite* from making, selling and offering for sale or disposing of any boys' blouses and shirts having thereon the label " The Aero Brand " or any similar name in imitation of the plaintiff's trade mark " The Hero Brand."

The affidavits show that the plaintiff has been engaged in the business of manufacturing and selling boys' blouses and shirts for about twenty-four years; that he has acquired a high reputation among the purchasing public in his business; that since about the 1st of April, 1911, he attached to the blouses and shirts manufactured by him labels which had for their distinguishing feature the words " The Hero," which on October 24, 1911, were registered as a trade mark in the Patent Office of the United States; that Barnet Greenberg, one of the defendants, was a salesman in plaintiff's employ for about nine years up to about May 24, 1919, and as such salesman sold large quantities of the goods manufactured by the plaintiff under the trade mark and brand known as " The Hero; " that Greenberg was well known to the customers of the plaintiff as the representative and selling agent of " The Hero " brand of boys' shirts and blouses; that upon leaving the plaintiff's employ, Greenberg formed a partnership with the defendant Stein in the business of manufacturing and

selling boys' blouses and shirts in the city of New York which adopted as the brand for its goods the words " The Aero Brand."

The plaintiff submitted upon the motion for injunction the affidavit of one Emanuel Benjamin, an apparently disinterested witness, who conducts a general merchandise business at Freeport, Nassau county, N. Y., in which he states that he has known the defendant Greenberg for the past eight or nine years and has during that time purchased " The Hero " boys' shirts and blouses; that during that time there was a considerable demand by merchants and customers for plaintiff's goods and that his own customers in purchasing asked for the " Hero " boys' shirts and blouses.   This affiant further states that he " has purchased from the defendants boys' blouses  *  *  *  marked the Aero Brand, in the regular course of business, because Aero was so similar to Hero " and that he " was told by the defendant Stein, who sold the said goods, with the said label,  *  *  *  that the name ' Aero ' was so similar to the name ' Hero '  *  *  *  that the consumers would purchase the defendants' merchandise with the label ' Aero ' and would believe that they were purchasing the ' Hero ' brand and would not know the difference."

Defendant Stein submits a counter affidavit in which he refers only to that portion of the Benjamin affidavit which is " to the effect that I said to him that the word ' Aero ' was so similar to the word ' Hero ' and was used for the purpose of deceiving the customers so that they would not know the difference," stating that it " is false and untrue."

Plaintiff's label reads:  " The Hero Brand."   Each word is printed on a separate line.   The top line contains the word " The," the lowest line the word " Brand " and the intermediate one the word " Hero."   Defendants' label reads: " The Aero Brand," the words of which are collocated on separate lines in precisely the same manner as plaintiff's words.   The only difference between the two is the substitution of the letter " A " for the letter " H " in the middle word.

There is not only a close similarity in the appearance of the words employed and in their arrangement, but there is also a similarity of sound between the words " Hero " and

" Aero " when spoken by those who pronounce the first two letters " AE " in the latter word as one syllable as though they were a diphthong.

There cannot be the slightest doubt that the word " Aero " was deliberately selected by defendants for the purpose of imitating plaintiff's label and of deceiving the purchasing public in believing that the garments sold by the defendants were those manufactured and sold by the plaintiff.

We have thus a deliberate case of unfair competition on the part of the defendants, which renders it unnecessary to consider whether the plaintiff has an absolute right to his trade mark. The doctrine of unfair competition is well expressed in the following quotation from 38 Cyc. 763: " The present tendency is to decide every case upon the ground of unfair competition, by making the decision turn upon whether or not the effect of what was done is to pass off the goods or business of one man as those of another regardless of the existence of any technical trademark." This principle of law is recognized in *Higgins Co.* v. *Higgins Soap Co.* (144 N. Y. 462, 468) in which the court said: " The right of a man to use his own name in his own business the law protects, even when such use is injurious to another who has established a prior business of the same kind and gained a reputation which goes with the name. But in such cases the courts require that the name shall be honestly used, and they permit no artifice or deceit, designed or calculated to mislead the public and palm off the business as that of the person who first established it and gave it its reputation. [*Croft* v. *Day*, 7 Beav. 84; *Holloway* v. *Holloway*, 13 id. 209; *Russia Cement Co.* v. *Le Page*, 147 Mass. 206.] "

This view of the law applicable to unfair competition has been recognized in cases in which after the expiration of a patent the right to manufacture or use the patented article is open to all. The courts have held that such right is subject to the proviso that those using it were not guilty of unfair competition by unlawfully dressing up their goods so as to deceive the public into believing that they were manufactured by the holder of the original patent. (See note in 17 L. R. A. [N. S.] 448, and cases there cited.)

The order should be reversed, with ten dollars costs and

disbursements, and the motion granted upon plaintiff's giving an undertaking upon the injunction in the sum of $250.

DOWLING, LAUGHLIN and PAGE, JJ., concur; CLARKE, P. J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted upon plaintiff's giving an undertaking upon the injunction in the sum of $250. Settle order on notice.