## HALLER BAKING CO. v. WARD BAKING CO.

(Circuit Court of Appeals, Third Circuit. February 7, 1924.)

### No. 3095.

Trade-marks and trade-names and unfair competition &=>59(5), 70(3)—Infringement of trade-mark and unfair competition held not to exist.

A company with registered trade-mark "Vitovim" did not infringe registered trade-mark "Vim," of another company, and there was no unfair competition where such trade-marks were both applied to bread of the whole wheat variety, which were in fact different kinds of bread,

&=>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of different color, size, and shape, the coloring of the outside wrappings was vastly dissimilar so that persons of low intelligence could instantly observe the difference in the appearance, and methods of distribution were different.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Bill by the Haller Baking Company against the Ward Baking Company. Decree for defendant (293 Fed. 800), and plaintiff appeals. Affirmed.

Charles M. Clarke, Clarke & Doolittle, and William H. Parmelee, all of Pittsburgh, Pa., for appellant.

W. B. Morton, of New York City, and R. T. M. McCready, of Pittsburgh, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and LYNCH, District Judge.

LYNCH, District Judge. The Haller Baking Company, plaintiff below, has appealed from a decree of the District Court holding that the defendant has not infringed the trade-mark of the plaintiff or unfairly competed with it in trade. Both corporations manufacture and sell whole wheat bread. One calls its product "Vim," and the other calls its "Vitovim."

The plaintiff, on September 4, 1917, registered in the United States Patent Office the word "Vim" as a trade-mark for bread, and thereafter continuously used that word on a wrapper covering single loaves of whole wheat bread, which it disposed of by its own delivery system directly to consumers residing in and adjacent to the city of Pittsburgh, Pa.

The defendant applied for and on January 9, 1923, secured registration of the word "Vitovim" as a trade-mark for whole wheat bread, which it thereafter used thereon. The defendant, a very large corporation, having about 20 bakeries in different cities in the eastern part of the country, disposed of its products (including "Vitovim") to dealers, who in turn sold to the consumer.

Was there infringement or unfair competition? As to the products, we find, first, that the component parts of the two breads were vastly different. They were in fact different kinds of bread, although they were both of the whole wheat variety. Next, we find that they were of different color. Thirdly, it appears that the loaves were considerably different in size and shape; and the coloring of the outside wrappings (each loaf was separately wrapped) was vastly dissimilar. A person of very low intelligence could instantly observe the difference in the appearance of the two articles.

The case of Fairbanks Co. v. Ogden Co. (D. C.) 220 Fed. 1002, cited by the appellant, therefore, is not applicable, because not only was there in that case great similarity between the words "Cottolene" and "Chefolene," but they were used on the *same kind of product* and *there was actual competition there in the market.*

In the case of Lorillard Co. v. Peper, 86 Fed. 956, 30 C. C. A. 496 (C. C. A. Eighth Circuit), the words "Tuberose" and "True Smoke"

were used by competing companies on tobacco packages. Judge Brewer, discussing the similarities of the names and the labels, said:

"Summing it all up, while there are certain minor points of resemblance which have been forcibly urged upon our attention by the counsel for plaintiff, yet, looking at the two packages with their labels—taking the tout ensemble—it appears to us clear that they are so essentially different that no one of ordinary intelligence, desiring to buy the one kind of tobacco, would be misled into buying a package of the other."

It may be that there is a minor point of resemblance, due to the use of the words "Vim" and "Vitovim"; but certainly there is nothing more than that in the situation presented to us. So we are unable to find from the facts that there was any unfair competition. It is a question whether there was ever any competition at all. There was such a difference in the ingredients of the articles, the color of them, the wrapping and marking of them, and the different method of disposing of them to the trade, that we have no hesitancy in agreeing with the conclusions of Judge Gibson, 293 Fed. 800.

The decree dismissing the bill is affirmed.