## STEWARTS SANDWICHES, Inc., v. SEWARD'S CAFETERIA, Inc.

District Court, S. D. New York.

June 3, 1932.

Nims & Verdi, of New York City, for plaintiff.

William Reiss, of New York City, for defendant.

BONDY, District Judge.

The affidavits do not convincingly establish that defendant dressed its store front, or furnished its cafeteria so as to simulate any distinctive appearance common to the plaintiff's chain of cafeterias, or that either the plaintiff or defendant dressed their cafeterias in any distinctive manner. It appears, however, that the defendant did place in front of its premises, No. 378 East 149th street, in the borough of the Bronx, for a lease of which the plaintiff had prior thereto negotiated, a sign reading: "Coming Soon! Another Seward's Cafeteria." Defendant in fact never had conducted a cafeteria under this name. Plaintiff had been operating at great expense and with considerable success nine cafeterias with which the name "Stewart's" had become associated, serving daily in the city of New York approximately 38,000 people and doing a business of about $2,800,000 annually.

The only purpose which defendant could have had in thus falsely advertising must have been to give to the public the impression that one of plaintiff's cafeterias was about to be opened on the premises. This conclusion is confirmed by the fact that the defendant's show window bears the slogan, "It Costs Less to Eat At," printed above the name "Seward's," in the same relative position as plaintiff's slogan, "It Costs No More to Eat At," above the name "Stewart's."

The plaintiff displays the word "Stewart's" in connection with its cafeterias in bold block type in which the letters S, W, A, R and S have peculiarities departing from the standard block type. The name "Seward's" on defendant's store front likewise is displayed in block type, with precisely the same peculiarities in these letters. Coincidence does not account for this similarity. Though denied, it also appears from an affidavit by the president of the corporation which made plaintiff's electric signs, that the defendant's president communicated with him and stated

that he was going to build a cafeteria exactly like plaintiff's and wanted a sign made just like plaintiff's.

■ Intentional simulation having been established, any doubts as to probable and actual confusion will be resolved in favor of the plaintiff. As stated by Cozens-Hardy, M. R.: "If I find a man taking a particular name under which to trade is a knave, I give him credit for not being also a fool, and I assume that there is a reasonable probability his knavish purpose will succeed." See Lloyd's v. Lloyd's, Ltd., 29 R. P. C. 433, 439; and see note 29 Columbia Law Review, 44. The manner in which plaintiff's business grew and increased is evidence that the name "Stewart's" has become associated therewith. Moreover, the public actually has been misled as appears from affidavits by several people who have eaten in the cafeterias of both parties.

Similarity of sound or appearance no greater than that in this case was considered sufficient to justify injunctive relief in Little v. Kellam (C. C.) 100 F. 353; A. Bauer & Co. v. Order of Carthusian Monks (C. C. A.) 120 F. 78; Sterling Remedy Co. v. Spermine Medical Co. (C. C. A.) 112 F. 1000; Glen Cove Mfg. Co. v. Ludeling (C. C.) 22 F. 823; Bregstone v. Greenberg, 192 App. Div. 213, 182 N. Y. S. 340; Stephens v. Peel, 16 L. T. (N. S.) 145; and similarity of trade slogans, in Cash, Inc., v. Steinbook, 220 App. Div. 569, 222 N. Y. S. 61; Summerfield Co. of Boston v. Prime Furniture Co., 242 Mass. 149, 136 N. E. 396; Bickmore Gall Cure Co. v. Karns (C. C. A.) 134 F. 833; Fishel & Sons, Inc., v. Distinctive Jewelry Co., Inc., 196 App. Div. 779, 188 N. Y. S. 633.

■ The fact that the defendant's cafeteria is located on 149th street and that plaintiff's nearest cafeteria is located at 50th street does not place defendant's cafeteria beyond the area in which plaintiff is entitled to protection. Especially in view of the fact that the cafeterias are in a populous city closely knit by swift means of transportation and that plaintiff is operating an expanding system of chain stores, it is entitled to protection over the "territory which may be reasonably expected to be within the normal expansion of the business." Western Oil Refining Co. v. Jones (C. C. A.) 27 F.(2d) 205.

■ On principle and authority the plaintiff's motion to enjoin the defendant from using the name "Seward's" and the slogan "It Costs Less to Eat at Seward's," or any other name or words calculated to lead the public to believe that its cafeteria is a cafeteria of the plaintiff, is granted. See Handler & Pickett, Trade Marks and Trade Names, 30 Columbia Law Review, 168, 759, at 196.