Miles Shoes of New York, Inc., Appellant, *v.* Niles Bootery, Inc., and Others, Respondents.

First Department, June 10, 1932.

*Joseph M. Proskauer* of counsel [*J. Alvin Van Bergh* with him on the brief; *Goldfarb & Fleece*, attorneys], for the appellant.

*Joseph F. Kosman* of counsel [*Walter S. Fried* with him on the brief; *Kaplan, Kosman & Streusand*, attorneys], for the respondents.

Martin, J.   In this equity action the plaintiff seeks an injunction restraining the defendants from using the word " Niles " because of its similarity to the plaintiff's trade name " Miles."

The plaintiff, Miles Shoes of New York, Inc., owns and operates a chain of more than fifty retail shoe stores in the States of New York and New Jersey; twelve of these stores are in the borough of Manhattan and five in the borough of The Bronx.   Since 1924 the plaintiff has used the name " Miles " as a trade name and since its incorporation in 1928 the name " Miles " has been conspicuously displayed on signs, shoe boxes and on advertising matter. The name " Miles " is the given name of Miles Rosenberg, the vice-president of the plaintiff corporation.

The plaintiff's gross business from January 1, 1925, to September 30, 1931, totaled $19,032,300, on the sale of shoes at prices ranging from $2.85 to $4.40 per pair.   The plaintiff's shoes have been extensively advertised on car cards, posters, signs, radio broadcasting and through newspaper advertising.   In the year 1930 $80,300 was expended for newspaper advertising and from January 1, 1931,

to September 30, 1931, the sum of $50,900 was expended. In the Bronx alone more than $7,000 was paid for advertising in the local newspapers during nine months of the year 1931.

For several years prior to the commencement of this action, Milton Lebenstein and Jerome Lebenstein conducted a small chain of four retail shoe stores under the name of " Lebenstein's." Three of these stores were in the Bronx, one at 18 West Burnside avenue, which is located about a half mile distant and five minutes on the trolley car from one of the plaintiff's stores at 471 East Tremont avenue.

In September, 1931, the defendants decided to change the name of the store at 18 West Burnside avenue to the name of " Niles Bootery, Inc.," and placed the word " Niles " above the store front and on the show window. The name " Lebenstein " was entirely removed. The defendants had been selling shoes at prices ranging from $3.94 to $6; but following the change of name the defendants adopted prices more nearly in accord with those of the plaintiff.

No one connected with the defendants' business or in the Lebenstein family has the name " Niles." A comparison of the photographs showing two of the plaintiff's stores in the Bronx and the defendants' store on West Burnside avenue reveals a similarity due to the use of the names " Miles " and " Niles " which will undoubtedly result in confusion among shoppers.

It was argued by counsel who presented the case on appeal that the trial court erred in refusing to permit the defendant's witnesses to explain the reason for adopting the name " Niles." One of the justices asked the counsel to give the reason. The reason given was very unsatisfactory and if the evidence had been admitted by the court it would not affect the result.

The plaintiff, by the use of the name " Miles " for many years and through extensive advertising, has established " Miles Shoes " as a well-known article in the retail shoe trade. There appears to be no reason whatever for the defendants taking the name " Niles " which sounds so much like the name " Miles," other than to deceive the public and to obtain the benefit of the plaintiff's advertising.

We have here a clear case of unfair competition. It does not require any argument to show that the practices resorted to by the defendants are not only improper but are opposed to commercial honesty and should not be tolerated.

In the case of *Bregstone* v. *Greenberg* (192 App. Div. 213), in an action brought to restrain the defendants from using a trade label with the words " The Aero Brand," alleged to be an imitation of the plaintiff's trade-mark " The Hero Brand," this court held

there was a deliberate case of unfair competition on the part of the defendants, irrespective of the plaintiff's absolute right to his trademark, and an injunction *pendente lite* was granted. At page 215 the court said: " There is not only a close similarity in the appearance of the words employed and in their arrangement, but there is also a similarity of sound between the words ' Hero ' and ' Aero ' when spoken by those who pronounce the first two letters ' AE ' in the latter word as one syllable as though they were a diphthong.

" There cannot be the slightest doubt that the word ' Aero ' was deliberately selected by defendants for the purpose of imitating plaintiff's label and of deceiving the purchasing public in believing that the garments sold by the defendants were those manufactured and sold by the plaintiff."

In the case of *Dobbs & Co.* v. *Cobbs Haberdasher, Inc.* (226 App. Div. 372), this court said: " It is entirely apparent to this court that the defendant, a competitor of plaintiff, has adopted its corporate name with a view of profiting from the long-established and successful business of plaintiff. No person of the name of ' Cobbs ' is connected with the defendant corporation and no excuse is offered for the adoption of such name, and the use of the name ' Cobbs ' by the defendant will, in our opinion, result in serious confusion of trade and deception of the public, and the adoption and use by defendant of a name so similar to plaintiff's trade name, in our opinion, constitutes an act of unfair competition. The defendant should be restrained from using the name ' Cobbs ' in any form whatsoever, whether alone or in conjunction with the defendant's corporate title."

In the case of *Celluloid Mfg. Co.* v. *Cellonite Mfg. Co.* (32 Fed. 94, 97) the court, after pointing out that the name of the defendant was not identical with that of the complainant, said: " That would be too gross an invasion of the complainant's right. Similarity, not identity, is the usual recourse when one party seeks to benefit himself by the good name of another. * * * The name ' Cellonite Manufacturing Company ' is sufficiently similar to that of the ' Celluloid Manufacturing Company ' to amount to an infringement of the complainant's trade name."

In the case of *Roy Watch Case Co.* v. *Camm-Roy Watch Case Co.* (28 Misc. 45) the court held that the name " Camm-Roy Watch Case Company " was an improper simulation of " Roy Watch Case Company," although two of the incorporators of the defendant were named Roy and Camm respectively. The court said: " The courts of this country and of England * * * condemn not the assumption of the identical name only, but any real simulation of the name which is calculated to deceive or confuse the common

mind. This is the rule, regardless of the motive of the offender. Here the defendant took the plaintiff's corporate title, the Roy Watch Case Company, as an entirety, and adopted it as its own after prefixing to it the name ' Camm,' so that, thus changed, it read ' Camm-Roy Watch Case Company.' A simulation more nearly approaching identity can scarcely be imagined."

In view of the law as set forth in the above cited cases and the facts established by the plaintiff herein, the right to an injunction restraining the defendants from using the name " Niles " or any other name similar to that of " Miles " was clearly established.

The judgment should be reversed, with costs, and judgment granted for the plaintiff, with costs.

FINCH, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of plaintiff, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.