**PRICHARD & CONSTANCE, Inc., v. AIME CO., Inc.**

No. 6962.

District Court, E. D. New York.

Dec. 7, 1933.

Chapman, Snider, Duke & Radebaugh, of New York City (Edward G. Fenwick, of Washington, D. C., of counsel), for plaintiff.

Shapiro, Kolbrener & Schlissel, of Far Rockaway, L. I., N. Y., (J. Irwin Shapiro, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a suit for injunctive relief and damages, brought by Prichard & Constance, Inc., a New York corporation, against Aime Company, Inc., a New York corporation, for the alleged infringement of trade-mark.

This action being brought under the Trade-Mark Laws of the United States (15 USCA § 81 et seq.), this court has jurisdiction.

Plaintiff is the owner of federal registration No. 92,123, dated June 17, 1913, for the word "Amami," and No. 143,140, dated May 24, 1921, for the same word.

Early in 1910, Prichard & Constance, Limited, of London, England, was operating in New York and its vicinity, being represented by one Arthur J. Morrison as its agent.

The said Arthur J. Morrison, while still the agent, incorporated as Arthur J. Morrison Company, Incorporated, and under date of June 11, 1912, entered into an agreement with Prichard & Constance, Limited, taking over the entire right, title, and interest in its business, including the good will in the United States.

The trade-mark used by Prichard & Constance in 1910 and at the time of the transfer of the business to the Arthur J. Morrison Company, Incorporated, was the word "Amami," which was used generally in connection with cosmetics and toilet preparations.

The name of Arthur J. Morrison Company, Incorporated, was changed to Prichard & Constance, Inc., the present plaintiff.

The word "Amami" has been extensively used by the said corporation, and the use of the word "Amami" and the business has continued to grow, and the products bearing the name "Amami" have been during the last twenty years sold in every state in the Union, and are sold in approximately two-thirds of the sixty thousand drug outlets in the United States, and are handled by department stores, beauty parlors, and cosmetic shops.

During the past ten years more than $250,000 has been expended by plaintiff in advertising by window and counter displays, newspaper and magazine advertisements, radio, calendars, and other forms.

During the past ten years plaintiff's sales have exceeded over $2,500,000.

Defendant Aime Company, Inc., was incorporated under the laws of the state of New York, on August 1, 1930, and Murray L. Keller is the president.

For some years prior thereto the said Murray L. Keller, with others, under firm name, was engaged in the same line of business, and even prior to 1925 knew of the plaintiff's use of the name "Amami" for its products, but had not purchased such products.

Plaintiff first acquired knowledge of the use by the defendant of the word "Aime" as a trade-mark in December, 1932, and after inquiry located defendant as the user of that name.

On February 7, 1933, plaintiff notified defendant to cease and desist from the use of the alleged infringing trade-mark "Aime," and followed that demand by letters of March 7, 1933, and April 7, 1933, and on May 29, 1933, this suit was instituted by the filing of the bill of complaint.

Unfair competition is not alleged herein, and, if it was, it could not be sustained, as the colors, arrangement of type, and every-

thing except the size of package, where the weight is the same as of defendant's packages, is as dissimilar as possible from plaintiff's packages, and no ordinary person could possibly be deceived thereby into believing that he or she was purchasing plaintiff's product when he or she purchased defendant's product.

It is true that defendant did not put its corporate name and address on the packages in the beginning, as would ordinarily be expected, but it did on its labels use a large mark, arrowlike in form, a method of marking never employed by plaintiff.

We are therefore called upon to determine as to the word "Aime," used by defendant, with reference to the word "Amami," used by plaintiff, (1) whether there is similarity of sound; (2) whether there is similarity of appearance; (3) whether there is similarity of significance.

This determination is to be made with reference to the impression made on the ordinary purchaser by recollection, not by a comparison of the two words, placed side by side.

It is true that the plaintiff is conducting an old and established business, and entitled to the protection of its trade-mark, but it is not entitled to claim protection for that mark against a name which does not infringe, even if used by a corporation later entering the field as successor of an unincorporated business using that name.

The evidence offered does not convince me that ordinary purchasers have been deceived. Haller Baking Co. v. Ward Baking Co. (D. C.) 293 F. 800, 804, affirmed (C. C. A.) 295 F. 681.

To me the words do not have a similarity of sound, nor do I believe they would have to the ordinary purchaser, unless any word commencing with the letter "A" and containing the letter "M" would be an infringement of plaintiff's trade-mark, which I cannot find.

Plaintiff has by its actions shown what it believed as to the lack of similarity of the words "Amami" and "Aimee" when it registered its trade-mark; the trade-mark "Aimee" being then registered.

Actions speak louder than words.

Prior to plaintiff's registration, Richard Hudnut had registered as his trade-mark the word "Aimee," for which I am certain any ordinary purchaser would mistake the word "Aime" used by defendant, and there is no evidence of the abandonment of the use of the trade-mark "Aimee"; on the contrary, the evidence shows that it is used on products marketed by Hudnut.

I know nothing of the relations, if any, between Hudnut and the plaintiff, or Hudnut and the defendant, but I must and do assume that plaintiff's officers did not consider its name "Amami" so similar to the Hudnut trade-mark as to infringe; in fact, the plaintiff spent time and money in showing such dissimilarity, educating the public as to its proper pronunciation by printing Ah-mah-me over the word "Amami."

To just as great an extent as the word "Amami" differed from the word "Aimee" does the word "Aime" differ from the word "Amami."

The words "Amami" and "Aime" are dissimilar in appearance, and they differ in number of letters and syllables.

Plaintiff's trade-mark "Amami" is derived from the Italian language meaning "love me," and defendant's from the French language meaning "loved."

To hold that the ordinary purchaser has a sufficient knowledge of both the Italian and French languages to see that there is any similarity in significance seems to me to impute to such purchasers as a class a knowledge of languages possessed by but few of them.

Defendant offered evidence of the use of many names by others, but they have not been considered, as it was not shown that any of those names were in use prior to the registration of the plaintiff's trade-mark, and the evidence as to the use of all such names except the name "Aimee," by Hudnut, is stricken out, with an exception to defendant, if desired.

If the word "Amami" is imitated by the use of the word "Aime," then it would seem to me that the word "Amami" was an imitation of the word "Aimee," and that, if plaintiff's trade-mark was an imitation of Hudnut's, an earlier registered one, plaintiff cannot restrain the defendant from using it. Ubeda v. Zialcita, 226 U. S. 452, 33 S. Ct. 165, 57 L. Ed. 296.

A decree may be entered in favor of the defendant against the plaintiff, dismissing the bill of complaint with costs. Settle decree upon notice.

Submit findings of fact and conclusions of law in accordance with this opinion, for the assistance of the court, as provided by Equity Rule 70½ (28 USCA § 723) and Rule 11 of the Rules in Equity of this court.