**TEXTRON, INC.**

v.

**SPI–DELL WATCH & JEWELRY CO., Inc., et al.**

**No. 67 Civ. 1496.**

United States District Court
S. D. New York.

Feb. 5, 1968.

---

Nims, Halliday, Whitman, Howes & Collison, New York City, for plaintiff.

Morton A. Bernstein, New York City, for defendants.

RYAN, District Judge.

This action, filed on April 14, 1967, charges infringement of plaintiff's registered and common law trademark and trade name "Speidel" and unfair competition in the use of said mark and name by the defendants in marketing under the name "Spi-Dell" and "Spei-Dell" of watches, wrist watch bands and other articles of jewelry. The matter comes to us on motions by the plaintiff for injunctive relief pendente lite and for summary judgment.

Plaintiff has also moved for leave to file an amended complaint. This motion is granted and the motion for summary judgment is deemed made upon this amended pleading.

We have concluded that summary judgment also should be granted plaintiff, adjudging defendants guilty of the infringement charged, permanently enjoining a continuance of such infringements, and directing an accounting for such infringements. This conclusion is predicated upon the following findings of undisputed facts.

Plaintiff, Textron, Inc., is a Rhode Island corporation with its principal place of business in Providence, R. I. It is the successor by purchase acquisition on May 31, 1964 of Speidel Corporation, which was incorporated in Rhode Island on April 1, 1932. Textron thus acquired the business, trademark and trade name of Speidel and has continued the business of the former Speidel Corporation under the name "Speidel—a Division of Textron".

Since 1932, Speidel and its successor have been continuously engaged in the manufacture and sale of articles of jewelry, including wrist watch bracelets, identification bracelets and fabricated metal chain as jewelry. Its gross sales have run from more than $11,000,000 in 1960 to almost $27,000,000 in 1966. Its advertising budget expenditures have, during this period, increased from almost $2,000,000 in 1960 to more than $6,500,000 in 1966. "Speidel" is a well-established, reputable trade name and mark in the jewelry industry, the jewelry market and favorably known to the public as a quality item of dependable manufacturing source.

This was the trade picture of the "Speidel" mark and name when, on January 12, 1966, defendant Mermelstein caused the defendant Spi-Dell Watch & Jewelry Co., Inc., to be incorporated in New York and opened a small office for its activities at 45 West 47 Street, New York City, New York, using space in the back room of B & M Watch Co. Neither defendant has any telephone or address there. Mermelstein is the owner of this entire venture and directs its operations; he is president and sole stockholder. He has resided here since 1946; he worked as a baker from 1946 to 1948, and then at selling retail upholstering and furniture with his brother until 1964. It was then that he "started to look around for this line, to work in the jewelry line" although he had had no experience in jewelry. He associated himself with his brother and brother-in-law, who were located at 45 West 47 Street, New York, doing business as B & M Watch Co. He soon went out "traveling around to try to sell their

products" in Long Island, in Brooklyn and the other four boroughs of New York City. Finally in 1966, he started his own business; he incorporated his "Spi-Dell" corporation and continued to work from the "B & M Watch Co." small showcase stall at the rear of the ground floor jewelry market operation at 45 West 47 Street and did his outside retail peddling. The main items in the showcase of the space from which he worked were watches and watch bands.

Mermelstein's explanation of how he selected the name "Spi-Dell" is patently the product of a fertile imagination; the resort to it supports an inference of a consciousness of wrongdoing on his part and a bold attempt to conceal a wrongful purpose to infringe. Thus, Mermelstein in his deposition has referred to the tragic martyrdom of his sisters, brothers, uncles and grandparents in concentration camps and has sworn that "every initial that I put together here on this name Spi-Dell, every initial means after somebody's name." Exactly how the initials fell into the final arrangement "Spi-Dell" so identical to the name "Speidel" Mermelstein does not explain—except to add that it did not occur to him that the final product "Spi-Dell" was very similar to "Speidel" and that he did not think about it.

The plaintiff, as defendants contend, does not seek to exclude them from engaging in the jewelry business but they do properly seek to enjoin further infringement of their long established mark and name.

It is immaterial that Mermelstein's corporation sold in 1966 between $50,000 and $60,000 in New York State, except for $2,000 in watches and parts out of the state; and that it sold in 1967 approximately $30,000, on which sales it made profits before taxes of $5,000 in 1966 and $3,000 in 1967, as contrasted with plaintiff's sales. Also immaterial is the claim that it "has never seen the customers or had any contact with them" (a fact which is very dubious).

Defendants concede that "the name Spi-Dell appears on the bill heads and letterheads, envelopes and business cards of the defendant." Although plaintiff's mark does not cover watches, it does protect bands and bracelets, appurtenances to watches which are not only sold over the same counter but, in fact, frequently with the watches themselves; it is in competition with defendants in the sale of watchbands and bracelets— the business is more than related, it is identical. To the average purchaser the watch and watchband are purchased as a whole, at least initially. The one is identified with the other, and the good will of plaintiff's mark not only attached to the watchbands and bracelets sold by the defendants but to defendants' unbranded inferior watches. Merely because its mark does not extend to watches, plaintiff need not suffer the diminution and injury to its good will and reputation by this cheap peddling operation of watches among other related items. Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972. The natural conclusion of the public on seeing the defendants' name in connection with their sale of watches, accessories and other jewelry items, is to conclude that they are connected with plaintiff as distributors of its products and that plaintiff is sponsoring and standing behind them—a fraud on the public as well as on plaintiff.

The choice of the name by defendants was arbitrary and done for this very purpose; it came as close as possible to an exact copying literally and to an exact copy phonetically. So similar is it and so valuable a property right is it that, even if defendant was not competing with plaintiff, the use of this name might lawfully be enjoined. Bulova Watch Co. v. Stolzberg, D.C., 69 F.Supp. 543. We conclude that defendants are infringing plaintiff's mark, competing unfairly with it, and diluting plaintiff's mark. (See General Business Law, McKinney's Consol.Laws, c. 20, Sec. 368–d.)

923

Finally, although plaintiff has not yet entered the field of marketing watches under its name, it has been preparing to do so for at least two years. So long as defendants continue to usurp its name, business prudence forestalls, or at least discourages, it from doing so. Having for so long and so assiduously protected its mark, there is no lawful reason why plaintiff should not expand this aspect of its business. Colonial Radio Corp. v. Colonial Television Corp., D.C., 78 F. Supp. 546.

Injury from this infringement is established by the affidavits establishing public confusion as well as by its obvious likelihood. We have found no genuine factual issue which would warrant a trial. A reading of the numerous exhibits and affidavits submitted, and particularly of the depositions taken of the defendants, clearly establishes plaintiff's right to summary judgment.

Motion is granted; judgment in accordance herewith may be settled on 10 days' notice; and, because of the deliberateness of defendants' disregard of plaintiff's rights and their concealment of the extent of their business, plaintiff is entitled to reasonable counsel fees.

So ordered.