Irwin D. Davidson, J.
The plaintiff seeks a temporary injunction restraining and enjoining the student defendants and others participating with them at its institution from engaging in destructive and disruptive acts which interfere with the academic activities of the university.
The plaintiff contends that dating back to April 1969, there has been an active student movement at the university’s main campus in The Bronx to end the operations of the Reserve Officers’ Training Corps at Fordham University. The group calls itself the “ Committee to Abolish ROTC ”.
The court takes judicial notice of the fact that several students have been convicted of criminal conduct for their activities at the university. In April, 1970, a group of students including some of the defendants again resorted to disruptive conduct. They blocked the entrance to the university’s student center and refused to permit members of the faculty and members of the ROTC unit to enter the building to attend a luncheon. That *612 incident was followed by a series of other acts of vandalism in which university property was destroyed, windows broken, fires of suspicious origin were discovered, one of which destroyed the university bookstore. Additionally, “ molotov cocktails ” were discovered in the shrubbery adjacent to the administration building. The disruptive activities of the students and their resort to violent behavior are threatened to be continued and repeated unless the university accedes to the demands of the students which include a demand that the university sever its connections with the ROTC. Should the disruptive behavior and acts of violence continue unrestrained, the university unquestionably will suffer irreparable harm and damage. Since this is the end of the school semester and a period of final examinations, any threatened disruption at the time of the examinations would seriously and irreparably damage a great mass of the student body and the university itself.
While mention has been made of the rights of students to express their dissent, no concern has been voiced for the great mass of students who disagree with the dissenters and who are anxious to complete their education and obtain university degrees. It would seem that where the acts of a minority so disrupt and interfere with the rights of a majority, that the rights of the majority should prevail over those of a disruptive and violent minority group. Dissent may be voiced, but it must be orderly. Violent and disruptive behavior will not be tolerated. As so aptly expressed by Yale President Kingam Brewster “ militant impatience does not require violence to prove itself ”.
Two of the students who answered the petition alleged that they did not participate in any illegal acts or disruptive conduct and therefore no injunction should be granted against them. However, they do not deny that illegal acts and disruptive conduct had been committed, nor can it seriously be disputed that unless the students are enjoined, that violent acts and disruptive activity may continue. If they did not participate in any untoward conduct, they need have no fear of the effects of an injunction directly against those students who engaged in violent and destructive acts or disruptive conduct. A person may be bound by the terms of an injunction even though not a party to the action in which it is granted if he has notice or knowledge of the order and is within the class of persons whose conduct it is intended to be restrained or if he acts in concert with a person who is in that class (Union Tool Co. v. Wilson, 259 U. S. 107). The fact that the university refuses to negotiate with a group of students is not a basis for denying a temporary injunc *613 tion to restrain unlawful conduct by students (Drysdale v. University of State of N. Y., 60 Misc 2d 180).
The application for the injunction was sought at a critical time in the university’s academic year- — -final examinations were being conducted, commencement proceedings and the awarding of degrees were impending and the university was in a particularly vulnerable position. It was eminently justified in requesting the court to enjoin and restrain any disruptive or violent activity during that period. At the time this decision is being published, all of the year-end activities of the university have been successfully concluded without serious untoward incident. However, that does not mean that there may not be a repitition and a flaring up of disruptive and violent behavior on the campus at a later time. The university is entitled at all times to carry on its activities without violent disruption by dissenting destructively militant students. That does not mean that the students may not peaceably protest, demonstrate and assemble if such conduct does not violate the provisions of the injunction decree.
The motion is granted. The preliminary temporary injunction will issue in the form requested in the complaint. Whether the injunction will be made permanent will be left for adjudication by the trial court.