Richard M. Rosenbaum, J.
The State of New York has commenced an action for an injunction and for other relief against one Vincent E. Poray for operating a migrant labor camp known as Poray Migrant Labor Camp without a proper permit and further for operating a migrant labor camp in an unsanitary and unhealthy condition. The camp is located in Wayne County. The defendant in his verified answer denies any knowledge or information sufficient to form a belief as to whether he was operating the camp in question without a permit. The defendant also denies ownership of the camp in question and submits an affidavit that he made a contract with four people in July of 1971 relative to the transfer of the camp to them. The defendant states further in his affidavit that upon making the afore-mentioned contract he ‘ ‘ ceased to exercise dominion or control over the premises, has ceased to exercise any authority over the premises, has ceased to exercise any authority of the *592 occupants of the premises and has ceased to exercise any regulation over the activities of the premises
It is fundamental that entering into a contract of sale of real property does not transfer title to that real property nor does it transfer responsibility for events taking place on said real property as to persons not parties to the contract, particularly where there is no showing by the contract vendor of terms in the contract to the contrary between the parties to it. There is no such showing in this case and, in fact, it is obvious that the contract is still executory. The court finds that the defendant is still the owner of the Poray Migrant Labor Camp. It might be said in passing in connection with the alleged transfer by defendant of his migrant labor camp to four of the residents of the camp that an agreement which has an obvious tendency to encourage fraud is illegal because it is contrary to public policy. The courts will hold an agreement void and unenforceable where the object of the parties is to perpetrate a fraud upon a third party or upon the public generally. (10 N. Y. Jur., Contracts, § 143.) It is not necessary for this decision to find that the afore-mentioned contract was fraudulent. In order to operate a migrant labor camp the defendant must have a permit from the permit issuing official. (10 NYCRR 15.20 [a].) Where the defendant does not have a proper permit an injunction will issue. (Public Health Law, § 1330, subd. 2.) No undertaking is necessary on the part of the plaintiff. (Public Health Law, § 1330, subd. 2; CPLR 2512.)
The plaintiff is entitled to an injunction enjoining and restraining the defendant, Vincent E. Poray, his agents, servants and employees and all persons acting in concert with him from continuing to operate migrant labor camps in Wayne County without a proper permit. The defendant is cautioned that an injunction order is binding even upon persons who are not parties to the action if they have knowledge of the order and are either employees or agents of the defendant, or act in collusion or combination with him. (Daly v. Amberg, 126 N. Y. 490.)