Alexander Berman, J.
In this action for a declaratory judgment, plaintiff and the defendant move for summary judgment. Additionally, defendant seeks similar relief against the third-party defendant, Leo Lentin.
Plaintiffs own two retail stores selling ladies’ wearing apparel and accessories. It acquired its first store in 1956 from the third-party defendant, Leo Lentin, who then owned that store located in Middle Island, Suffolk County, and operated it under the name of Rainbow Ranch. As part of that transaction, plaintiff was given the right to use the name Rainbow Ranch. Subsequently, in 1974, plaintiff opened a second store in Southampton, Suffolk County, under the name Rainbow Ranch East. It is the latter store which is the focus of this litigation, for when defendant, Rainbow Shops, Inc., learned of the existence of the Southampton store, it initiated correspondence with plaintiff seeking to dissuade it from continuing to use the name "Rainbow” in its title. The latter efforts having proved unsuccessful, this litigation followed.
Defendant owns and operates 37 retail ladies’ apparel and specialty shops, most of which are located in the metropolitan area of New York City and Nassau County, including seven in various parts of Suffolk County. It, and its predecessor have been in business since 1921 and have operated these stores under the name of Rainbow Shops. Defendant caused the name "Rainbow Shops” to be registered in the United States Patent Office on September 16, 1947 and secured a renewal thereof on January 18, 1972 which extended the registration to 1994. During the year 1976, it spent more than $167,000 in advertising its stores and of this sum, more than $38,000 *810 related specifically to its seven stores in Suffolk County. Over the many years it has become well known in the trade in the areas which it serves. Plaintiff’s president, in an examination before trial, acknowledged that he was well aware of the existence of the defendant’s chain of stores, but denies that he knew of an injunction which had been obtained by defendant in 1951 against plaintiff’s predecessor, Lentin. This injunction decree, dated March 12, 1951, came about as a result of Lentin’s use of the name "The Rainbow” in his store at Middle Island. This injunction order, which was made on consent, directed Lentin to discontinue the use of the name "The Rainbow” but permitted him to use the name Rainbow Ranch "limited to the locality at which the defendant is presently located, Middle Island, Long Island, and that no further right to the use by the defendant, or anyone else, of the name Rainbow Ranch in any other locality is hereby given.”
Lentin, who has been brought into this action by defendant, admits that the injunction was obtained against him, but claims that he had forgotten about it, and that he had never informed plaintiff thereof, at the time of the sale of the business. He thus confirms the contention of plaintiff that it first became aware of the injunction when a copy thereof was sent to it by defendant’s counsel.
The substance of plaintiff’s claim to continue the use of the name Rainbow Ranch East is that defendant’s stores and plaintiff’s stores are dissimilar in appearance either in "signs or type of store”; that defendant’s nearest store is 50 miles from its store in Southampton; and that there is "no confusion among the public concerning the name Rainbow Ranch East and Rainbow Shops.” It further contends that it should not be bound by the injunction order since it was unaware of it in the first place, and was not a party to the proceeding in which it was issued. It makes a final claim that defendant is guilty of loches in not having acted promptly to enforce its rights.
Aside from the legal issue as to whether plaintiff is bound by the terms of the injunction and whether there is likely to be confusion in the public mind as to the identity of plaintiff and the extent to which plaintiff may be usurping the name and good will of defendant, the essential facts related herein are not in dispute. Furthermore, pictures presented by plaintiff of its store front and sign and one of defendant’s stores and sign do not demonstrate, as claimed by plaintiff, any *811 substantial difference in appearance. They are both conventional retail stores with store front windows displaying dresses and other ladies’ garments. It should also be noted that no challenge is made to the right of defendant to the name Rainbow Shops and its trade-mark.
Addressing the question of whether plaintiff is in any way bound by the injunction, it is the determination of this court that, while it may not be punished for violating the decree, once plaintiff became aware of its existence, it was bound to give effect to it as a lawful mandate of the court. "A person may be bound by the terms of an injunction even though not a party to the action in which it is granted if he has notice or knowledge of the order and is within the class of persons whose conduct it is intended to be restrained * * * (Union Tool Co. v Wilson, 259 US 107).” (Fordham Univ. v King, 63 Misc 2d 611, 612.)
In a later case (People v Poray, 67 Misc 2d 591, 592) this doctrine was extended to cover employees of the company against whom the injunction was issued. "The defendant is cautioned that an injunction order is binding even upon persons who are not parties to the action if they have knowledge of the order and are either employees, or agents of the defendant, or act in collusion or combination with him.”
It seems logical that if employees are bound by an injunction obtained against their employer, where they were aware of its existence, then certainly an assignee or purchaser of the business of the employer would be bound thereby.
Aside from technicalities as to the extent to which the injunction may apply, it nevertheless constituted a restriction upon the rights of plaintiff when the latter purchased the business from Lentin. It is an elementary proposition of law that an assignee or purchaser can acquire only the rights which the assignor or seller possessed and that such rights are subject to any existing infirmities or restrictions.
"It is elementary ancient law that an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned because he receives no more and can do no more than his assignor”. (International Ribbon Mills [Arjan Ribbons], 36 NY2d 121,126.)
Since defendant in its brief asserts "the defendant is not requesting that plaintiff be held in contempt,” this holding by the court may not be considered to be a determination that *812 plaintiff may, under any circumstances, be held in contempt of the injunction order.
In any event, regardless of the injunction it is the decision of this court that plaintiff is, in fact, clearly infringing upon defendant’s right to the exclusive use of its trade name. Furthermore, the continued use by plaintiff of defendant’s mark or trade name, whether or not there is confusion in the public mind, is a clear violation of section 368-d of the General Business Law, the text of which is as follows: "§ 368-d. Injury to business reputation; dilution. Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.” Nor is it necessary for the holder of a trade name or mark to show a fraudulent intent, or intent to deceive.
"In our opinion actual proof of deception, misrepresentation, confusion or loss of business is unnecessary. The likelihood thereof is sufficient. (Taendsticksfabriks Akticbolagat Vulcan v. Myers, 139 N. Y. 364; Albany Packing Co. v. Crispo, 227 App. Div. 591; New York World’s Fair 1939 v. World’s Fair News, 256 App. Div. 373; Famous Sea Food House v. Skouras, 272 App. Div. 258; Kientsler v. Zerr, 279 App. Div. 877; Diesel Oil & Burner Corp. of N. Y. v. New York Diesel Heating Corp., 277 App. Div. 881; 3 Callmann on Unfair Competition and Trade-Marks [2d ed.], p. 1372; 1 Nims on Unfair Competition and Trade-Marks [4th ed.], p. 52 et seq.) The products of both appellant and respondent are in the same general classification (Muhs Co. v. Farm Cratt Foods, 37 F. Supp. 1013), and both are sold in the confined territorial limits of Nassau and Suffolk Counties. (Ball v. Broadway Bazaar, 194 N. Y. 429.) The infringement on appellant’s trade name or trade-mark was a violation of appellant’s rights.” (Hill’s Supermarkets v Stony Brook Dairies, 7 AD2d 756, affd 8 NY2d 1133.)
"[T]he absence of a fraudulent intent on the part of the subsequent trader affords no basis upon which to predicate a denial of the prior trader’s application for equitable intervention in protection of his rights. * * * During the course of the trial I intimated that a prior trader is entitled to equitable protection in the exclusive use of his trade name not only *813 within the immediate locality where his business has been previously conducted but also, as here, within such territory as may reasonably be expected to constitute a likely field of normal expansion. I am inclined to adhere to that view after a studied reflection. (See Ball v. Broadway Bazaar, 194 N. Y. 429; Stewarts Sandwiches, Inc. v. Seward’s Cafeteria, Inc., 60 F. 2d 981; 63 C. J. p. 444.)” (Rainbow Shops v Rainbow Specialty Shops, 176 Misc 339, 340-341.) (See, also, Ronson Art Metal Works v Fink, 70 NYS2d 196; Textron, Inc. v Spi-dell Watch & Jewelry Co., 283 F Supp 920, mod 406 F2d 544; Shadow Box v Drecq, 71 Misc 2d 733; George Washington Mint v Washington Mint, 349 F Supp 255.)
It is abundantly clear that the use of the name "Rainbow” by plaintiff in its title, where as here, there is identity of product (ladies’ apparel) and similarity of name, under the circumstances will inexorably lead to confusion in the public mind and will undoubtedly dilute the value of defendant’s name and trade-mark. Defendant, Rainbow Shops, Inc., is not required to wait until further damage is done to its business, nor is it essential that it first establish that which will be an inevitable result in the continued use by plaintiff of the name "Rainbow” in its title.
Lastly, there is no basis for the argument that defendant is guilty of loches. It is clear that defendant asserted its position reasonably soon after it became aware of the existence of the plaintiff’s store in Southampton.
The court declares, therefore:
(a) that plaintiff, Rainbow Ranch East, is bound by the restrictions imposed upon its predecessor Lentin to the use of the name "Rainbow”, and that it acquired no right to the use of the name "Rainbow” except in its store in Middle Island; and
(b) that defendant, Rainbow Shops, Inc., is entitled to judgment restraining plaintiff from continuing to use the name "Rainbow Ranch”, or the word "Rainbow” as part of its name in its store in Southampton.
The judgment to be entered herein shall provide that plaintiff shall have 30 days after service upon its attorney of a copy thereof within which to remove the word "Rainbow” from its store in Southampton.
The third-party action against Lentin is dismissed as not being a proper pleading pursuant to CPLR 1007, since Lentin *814 is not a party "\o is or may be liable to it "for all or part of the plaintiffs claim against [it].”
Since this action is for declaratory judgment, in which the court’s jurisdiction is limited, the decision herein is without prejudice to any action for damages which defendant may be advised to pursue against plaintiff and/or third-party defendant, Lentin.