Edward G. Baker, J.
Plaintiff moves for a temporary injunction in this action in which he seeks judgment permanently enjoining defendants from using the name “ Lundy’s ” in connection with a restaurant business operated by them in Greenlawn, Long Island.
Plaintiff’s establishment, a resturant specializing in seafood, has been operated by him in the Sheepshead Bay area of Brooklyn, New York, since 1916. The business, which always has borne and has been known by the family name “ Lundy ” has *239 been conducted in the same general area by plaintiff and his predecessors (his father and grandfather) “ since before the Civil War ” and to the present time. It is claimed that the present gross volume of business is two and one-half million dollars, and that the name “ Lundy ” has come to be synonymous with good, wholesome food, particularly seafood. Plaintiff’s modern establishment has a seating capacity for 2,500 persons. His patrons, it is alleged, come from States near and far.
The gravamen to the complaint is defendants’ alleged unauthorized use of the Lundy name, the plaintiff’s claim being that defendants have appropriated and intend to appropriate the name, good will and prestige of plaintiff with intent to create in the public mind the impression that defendants’ restaurant in Greenlawn, Long Island, is a branch or affiliate of plaintiff, all to the plaintiff’s damage.
Defendant Sposato maintains that since his childhood he has been known by the name “ Lundy ”, “ an obvious nickname contraction of my given name, which is Orlando. I was called ‘ Lundy ’ in school, and have never been called or referred to by the name of ‘ Orlando ’. The name ‘ Lundy ’ to me is as if it were my given name ”.
It appears that in 1947, defendant, Sposato, opened a small neighborhood restaurant business in Port Washington, Long Island, under the name “ Lundy’s Restaurant”, which served Italian style food and catered to about 80 patrons. As a result of illness of the proprietor, the business was sold, the sale including the purchaser’s right to the use of the name “ Lundy’s Restaurant ”. It is claimed that this business, in the meantime, has been sold twice, and that the business has been continued under the same name and is still listed in the Nassau County telephone directory as “ Lundy’s Restaurant”. Defendant further alleges that, in April, 1962, he and his brother-in-law (codefendant here) agreed to go into the restaurant business in G-reenlawn, Long Island; that they leased a small store in that suburban village, with a seating capacity of approximately 48 persons; that the enterprise involves an investment of approximately $10,000; that he is known in this community as 1 ‘ Lundy ’ ’ by which name, he alleges, he has been known since childhood; that he has never heard of plaintiff’s business and that he never intended, by the use of the name, to compete with plaintiff or create any impression that defendant was in any manner, shape or form identified or connected with plaintiff.
As stated above, plaintiff’s place of business is located in Sheepshead Bay, Kings County. Defendants’ establishment is *240 located in Greenlawn, Long Island, 50 miles away. The types of restaurant which the litigants conduct are dissimilar. Plaintiff specializes in seafood, catering to a capacity of 2,500 patrons. Defendants serve Italian style food, the capacity of their establishment being 48 patrons. Confusion of identity between the two enterprises as now conducted appears to be unlikely. At very least, the question of confusion or the possibility or likelihood of it should await a trial.
The temporary injunction here sought would afford plaintiff substantially all the relief which he could obtain if successful after a trial. It may not be granted in the absence of a showing of a clear right to the relief and irreparable injury (Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905). The mere claim of irreparable harm based upon speculation does not support a grant of the drastic relief here sought (Schwamm v. Alpert, 31 Misc 2d 768).
Nothing herein contained should be construed as an expression of opinion upon the merits of the dispute between the parties. The issues will be decided upon the trial, where the parties will have ample opportunity to present evidence in support of their respective contentions. The motion is denied.