**TIFFANY & CO., Appellant,**

v.

**TIFFANY TILE CORPORATION,**
**Appellee.**

**Patent Appeal No. 7364.**

United States Court of Customs and Patent Appeals.

May 20, 1965.

Rehearing Denied July 1, 1965.

S. Stephen Baker, New York City, for appellant.

Boynton P. Livingston, G. Cabell Busick, Washington D. C. (James L. Kurtz, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Tiffany Tile Corp. seeks registration of "Tiffany Tile" [1] for use on ceramic tile [2] which it manufactures and sells through distributors. Tiffany & Co. opposes on forty-seven registrations of "Tiffany" and/or "Tiffany & Co." for a wide variety of household and personal articles which it makes and sells through its own outlets. All registrations antedate "Tiffany Tile" by many years.

Despite the virtual identity of the marks, the Trademark Trial and Appeal Board was of the opinion confusing similarity would be precluded because the goods had "nothing whatever in common," and dismissed the opposition.

In asking us to reverse that action, Tiffany & Co. urges, inter alia, that for many years Tiffany has been a famous name, symbolic of good taste and quality; that Tiffany Tile's motive [3] in appropriating "Tiffany" was to capitalize on that reputation; that the board ignored Tiffany & Co.'s 1920 registration for "Chinaware, Bric-A-Brac, Earthenware [4] and Porcelain;" as well as the fact that applicant's tiles are ornamental, and are prominently displayed as a wall surface decoration in homes, the usual destination of the Tiffany & Co.'s decorative products, including its ceramics and porcelain products.

Our review of the record and exhibits leads us to a different conclusion than that of the board. There can be no doubt that Tiffany & Co. has for many years enjoyed an enviable reputation for the good taste and quality of its products, and is entitled to appropriate protection in the market place. While motives for appropriating the Tiffany mark here can hardly be said decisive of confusing similarity issues, they are not to be ignored. Appellee's incorporation of a jewelled crown and its general advertising formats are hardly in harmony with its alleged reason for appropriating Tiffany for its tiles.

We are not here dealing with such diverse products as bulldozers and cosmetics but with products that are, in the main, decorative in nature and appeal, made from the same basic material, and normally found and used in homes. Under such circumstances, we are satisfied that the average purchaser seeing such a well known mark as "Tiffany" on the involved goods would be likely to assume they emanated from the same source.

The decision is reversed.

Reversed.

MARTIN, J., took no part in the consideration or decision of this case.

---

1. A jewelled crown design is used to dot the "i" in Tiffany.

2. Ceramic: Of or pertaining to pottery; relating to the art of making earthenware, or, more broadly, to the manufacture of any or all products made from earth by the agency of fire, as glass, enamels, cements. (Webster's New International Dictionary, 2nd Edition).

3. Appellee's president testified:
"* * * I first went to a law book, which I was reading on real property, and the author's name happened to be Tiffany. This is where I first got the idea. * * *"

4. "Earthenware: Vessels and other utensils, ornaments, or the like, made of fired clay, esp. the coarser kinds." (Webster's New International Dictionary, 2nd Edition.)