Bernard Nadel, J.
Plaintiff sues for a permanent injunction to restrain defendants from using the trade name and trademark “ Tiffany ” in connection with the manufacture, sale and distribution of defendants’ perfume and cosmetics. Plaintiff designs, produces and sells a large variety of articles, including fine jewelry, watches, sterling silver, crystal, glassware, cut glass and chinaware, crystal perfume bottles, perfume flasks, and silver perfume dispensers, under the trade names “Tiffany” and 1 ‘ Tiffany & Co. ’ and has been in business for over a bun *386 dred years. In past years plaintiff has also sold perfumes, colognes, soaps and other toilet articles for both men and women. During the past 15 years plaintiff has spent more than seven million dollars in advertising its trade name and products and for said period the sales have been approximately $240,000,000.
Defendant Somlo claims that more than 25 years ago his father used the name “ 'Tiffani ” in a jewelry and perfume retail business which they operated in Budapest, Hungary. When defendant came to the United States in 1951 he opened a jewelry and watch business, which he sold prior to the organization of L’Argene Products Co., Inc. in 1954 or 1955. He then ventured into the perfume business where he sold his products under various names.
In 1967 defendants registered the name “ Tiffany” in New York State, as its trade-mark for perfume and related cosmetic products and began manufacturing and distributing perfume labeled “Tiffany”. Some of the containers have the name ‘ ‘ Tiffany ’ ’ in script similar to the script used by plaintiff, with the addition of a gem-like .symbol which defendants claim is a sunburst, and which has been discontinued. In compliance with an injunction issued by the court, there have been some recent changes in the box and the script used by defendants.
Plaintiff claims that defendant commenced using the name “ Tiffany ” in this country with the deliberate intent of trading on plaintiff’s reputation for outstanding quality established over many years by extensive advertising and impeccable service to its customers in the retail trade. Plaintiff contends that its dressing table sets, perfume bottles and dispensers are items within the category of elegant personal grooming accessories with which perfume and cosmetic products are normally associated ; that the use by defendant of the trade-mark ‘1 Tiffany ’ ’ tends to deceive and confuse the public in that the public believes said perfumes and cosmetics are products of the plaintiff; and that the addition of ‘ ‘ Distributed by L ’Argene ’ ’ does not clarify the situation since the public believes, or is likely to believe, that it is plaintiff Tiffany’s product, distributed by the defendant L’Argene.
Plaintiff urges that it is entitled to an injunction under both Federal and State law pertaining to trade-mark infringement and unfair competition. (Lanham Act, U. S. Code, tit. 15, § 1051 et seq., as amd., and General Business Law, § 368-d [the so-called “ anti-dilution statute and § 133.)
Defendants contend that plaintiff is not entitled to injunctive relief since they are not in competition with plaintiff’s products which they claim are not similar; that the price range and cus *387 tomer categories are different; that their perfume is sold to wholesalers and jobbers as a give-away item; that since the parties are not in competition, there cannot be a case of unfair competition; and that since the goods each sells are different there cannot be a case of infringement.
An examination of the numerous authorities cited in the several briefs submitted on behalf of both the plaintiff and defendants in support of their respective contentions reveals that each case dealing with unfair competition or trade-mark infringement must be decided on its own particular fact pattern, for the authorities are “numerous and diverse” (Fischer v. Blank, 138 N. Y. 244, 252), and that “ aside from the broad and well-established principles, not only is precedent difficult to ascertain, but in many instances the decisions seem incompatible ” (Dell Pub. Co. v. Stanley Pub., 9 N Y 2d 126, 133).
The facts in this case clearly indicate that plaintiff enjoys an excellent reputation for the quality and style of its merchandise and service. The trade name and mark “ Tiffany ” have acquired a unique status which has been recognized by this and other courts. (See Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Tiffany & Co. v. Boston Club, 231 F. Supp. 836; Cue Pub. Co. v. Colgate-Palmolive Co., 45 Misc 2d 161, affd. 23 A D 2d 829.)
Although defendants urge that they are selling their “ Tiffany ” perfume to wholesalers and jobbers as a give-away premium item, the evidence shows that they placed an ad in the October, 1969 issue of Penthouse Magazine, a national publication. Their advertising consists of a glossy brochure featuring their “ Tiffany perfume in the gold filigree bottle, beautifully hand packaged and staged in a fabulously luxurious presentation jewelry box. Preciously sealed in an elegantly gold finished filigree spill proof bottle ” — “as advertised in Penthouse magazine .* * * the world’s most exciting perfume * * * sold only at the finest .stores.”
Defendants’ advertising certainly negates their claims that they are distributors of a give-away item and that they aim to sell to a different clientele. The emphasis in their ad is on the container — not on the perfume. The descriptive terms emphasize gold and jewelry. Plaintiff does sell perfume containers and dispensers. This packaging and advertising is evidence of bad faith and an intent to deceive and confuse the public by attributing to defendants’ product most of the aspects of high quality associated with plaintiff Tiffany and by describing their product in words and terms which are associated with the name “ Tiffany ”.
*388 On the other hand, when defendants merchandise their products, marked ‘ ‘ Tiffany ’ ’, as give-away items, they tarnish and dilute plaintiff’s world-famous name and reputation for excellence and high quality of its products and impair the value of its trade name.
Defendants’ contention that there must be direct competition between the parties before an injunction will issue, lacks merit. In Forsythe Co. v. Forsythe Shoe Corp. (234 App. Div. 355, 358) the court stated: “Appellant has cited authorities in this State which, it is argued, hold that there must be direct competition before an injunction will issue. On the contrary, the whole trend of decision is to prevent by injunction a threatened competition which is unfair, being calculated to impair the value of a trade name or to deceive the public. [Citing cases.] ”
Both Federal and New York State courts have enjoined the use of another’s name irrespective of whether there was direct competition between the parties (Tiffany & Co. v. Tiffany Prods., supra; Sullivan v. Sullivan Radio & T. V., 1 A D 2d 609; Hunt Foods & Ind. v. Gerson Stewart Corp., 367 F. 2d 431, 435; Fleishmann Distilling Corp. v. Maier Brewing Co., 314 F. 2d 149). In addition, perfume containers have been held to be goods of the same descriptive properties as perfume. (See Elgin Amer. Mfg. Co. v. Elisabeth Arden, Inc., 83 F. 2d 681.) Such goods are very closely related and injunctions have been issued to protect the plaintiff’s trade-mark and good will. (Long’s Hat Stores Corp. v. Long’s Clothes, 224 App. Div. 497.)
‘ ‘ The trend of the law, both statutory and decisional, has been to extend the scope of the doctrine of unfair competition, whose basic principle is that commercial unfairness should be restrained whenever it appears that there has been a misappropriation, for the advantage of one person, of a property right belonging to another.” (Vaudable v. Montmartre, Inc., 20 Misc 2d 757, 759.)
Defendant Somlo’s explanation as to how he came to adopt and use the name “ Tiffany ” on his perfume is not convincing and in any event, does not justify the use of said name. No one with the surname Tiffany is now or ever has been in any way connected with the defendants. The meaning of the word Tiffany does not in any way suggest perfume. To name perfume Tiffany perfume is to name it the plaintiff’s perfume. The only conceivable purpose for selecting the name Tiffany by defendants was to trade on the reputation and good will of plaintiff’s distinctive and unique name. There follows, therefore, the inference of likelihood of confusion, since defendants’ actions indicate that to be their purpose and expectation. Under the Lan *389 ham Trade-Mark Act, the test of infringement is likelihood of confusion rather than actual confusion. (Tisch Hotels v. Americana Inn, 350 F. 2d 609.)
The more distinctive and unique the name the greater is the need for protection from dilution of its distinctive and unique quality (Tiffany & Co. v. Tiffany Prods., supra). “ When the defendant has to justify using plaintiff’s trade-name, the burden is on him.” (Jacobs v. Beecham, 221 U. S. 263, 271.) Defendants have offered no valid justification for adopting the name Tiffany. As was .stated so well in Forsythe Co. v. Forsythe Shoe Corp. (supra, p. 358): “Almost invariably the selection by a defendant for use in his business of a trade name or mark which has theretofore been used and advertised by another, is for the purpose of appropriating its value and reaping the benefit of the labor of him who may have made that name an emblem of quality, or of taste, or a symbol of fair dealing. Equity does not shirk from interfering to prevent such spoliation. Ñames other than plaintiff’s there are in plenty which defendant could have selected.”
Although there were plenty of names which defendants could have selected, they did adopt the name “Tiffany”. They did so in order to derive commercial advantage by associating their products with plaintiff’s established name and reputation. Defendants have appropriated unto themselves plaintiff’s good will. The court finds that defendants ’ conduct constitutes unfair competition and an infringement upon plaintiff’s trade-mark. The plaintiff is entitled to injunctive relief.
Defendants have failed to sustain the burden of proof as to their defense of laches. Plaintiff first became aware of defendants ’ use of its name sometime in January, 1968. There is some evidence that defendants were aware of plaintiff’s objections early in 1968. Plaintiff commenced this action in October, 1969. Mere delay, unless so prolonged and inexcusable that it amounts to a virtual abandonment by plaintiff of its rights, is not sufficient to bar relief against trade-mark infringement. (Tisch Hotels v. Americana Inn, supra.) Seventeen or eighteen months’ delay in commencing a suit, under the circumstances in this ease, does not warrant barring relief to plaintiff, particularly where defendants have failed to show any prejudice.
Judgment for plaintiff enjoining defendants from the use of the name or mark ‘ ‘ Tiffany ’ ’ in connection with the manufacture, sale and distribution of their perfume and cosmetic products. Affirmative defense is dismissed.
Settle judgment providing for injunctive relief only.