Bernard F. McCaffrey, J.
Motion for an injunction pendente lite enjoining and restraining defendant’s use of the name “ The Shadow Box ” for his business, is denied.
Plaintiff, The Shadow Box, Inc., filed its certificate of incorporation on October 6, 1954 and it is alleged that it derives its customers from a 15- to 20-mile radius of its place of business in Glen Cove. Defendant filed his certificate of doing business on April 14, 1972, and he admits that he opened that business in Oyster Bay on or about May 1,1972. There are several questions of fact which are controverted, such as the distance in miles between the two parties’ places of business (the plaintiff alleging two miles and the defendant, six), as well as whether or not the defendant is competing with the plaintiff by selling portraits and frames. Several letters were exchanged between the attorneys for each of the parties relevant to the cessation of the defendant’s use of the name “ The Shadow Box”, but to no avail. Plaintiff alleges loss of business to the extent of $500 per week, confusion expressed by numerous old customers, and dilution of its good will and trade-mark.
Injunctive relief is specifically authorized to prevent the use of a trade name by a different business entity (see General Business Law, § 368-d). The law in this area is well established in New York. There does not have to be any showing of direct competition, but there must be a showing of possible confusion of the customers, in order for an injunction to be granted. *734 (Tiffany & Co. v. L’Argene Prods. Co., 67 Misc 2d 384, 388, citing Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Sullivan v. Sullivan Radio & T.V., 1 AD 2d 609; Cue Pub. Co. v. Colgate-Palmolive Co., 45 Misc 2d 161; Lundy v. Sposato, 37 Misc 2d 238.) This New York position differs from the convential trade-mark doctrine which is: “that there must be an identification of a symbol with a source ”. There exists the minority view (which is given statutory recognition in only four States, of which New York is one), that regards this identity with source as unimportant, and points to the undoubted advertising and commercial values that inhere in a successful symbol. This view protects these values from dilution, that is, against any use of the symbol that may drain off any of the potency of the mark. The purpose here is to avoid the “ likelihood of injury to business reputation or of dilution of the distinctive quality of a trade name or trademark ”. This is done regardless of the absence of competition between the parties (Jean Patou, Inc. v. Jacqueline Cochran, Inc., 201 F. Supp. 861, 866).
The plaintiff here, however, is seeking the extraordinary remedy of an injunction pendente lite, where the established rule is that the moving party must establish the probability of its prevailing on the merits. (Bassett Co. v. Revlon. Inc., 354 F. 2d 868; Hills Bros. Coffee v. Hills Supermarket, 310 F. Supp. 1046; Girl Scouts, of United States of Amer. v. Personality Posters Mfg. Co., 304 F. Supp. 1228.) Neither the moving party nor the court was able to find reported New York cases on this point of law, but numerous Federal court cases interpreting the New York law (General Business Law, § 368-d) were found. These cases give the court wide discretionary latitude in determining whether or not a temporary injunction should be granted, 'by considering the moving papers and the evidence contained therein and deciding whether they establish to the court’s satisfaction that the plaintiff will prevail on the merits when presented at a trial.
The court finds that upon the facts as presented within the moving papers there is not sufficient evidence to establish that the plaintiff has a clear right to the relief sought herein. The parties will have ample opportunity to fully present evidence to support their respective contentions at a trial on the merits, without this court destroying, for all practical purposes, the need for such trial by ordering the defendant to cease his operation under the present name and forcing him to use another name in order to stay in business while awaiting said trial.
*735 Accordingly, the injunction pendente lite prayed for is denied. The issues herein should he resolved by an early trial. A note of issue and a statement of readiness shall be served and filed and the matter shall be set down for trial at Special Term, Part III, of this court on September 12, 1972.