COLUMBIA INDUSTRIES, INC., Appellant,

v.

TIFFANY & CO., Appellee.

Patent Appeal No. 9241.

United States Court of Customs and Patent Appeals.

June 20, 1974.

John C. Stahl, San Antonio, Tex., atty. of record, for appellant.

Milo G. Coerper, Washington, D. C., atty. of record, for appellee. Coudert Brothers, New York City, of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and MILLER, Judges, and ALMOND, Senior Judge.

MILLER, Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board (ab-

stracted at 177 USPQ 768 (1973)) sustaining an opposition by appellee to appellant's mark:[1]

for bowling balls. We affirm.

Appellee's opposition is based on likelihood of confusion with TIFFANY[2] for playing cards and chips, and cribbage boards.

In a previous appeal to this court in this opposition, a decision by the board dismissing the opposition for failure of appellee-opposer to take testimony or present evidence was reversed and the case remanded for further proceedings. Tiffany and Company v. Columbia Industries, Inc., 455 F.2d 582, 59 CCPA 851 (1972). The court held that appellee-opposer's registration was properly in evidence as a basis for opposition. On remand, the board sustained the opposition on the ground of a likelihood of confusion between the marks.

## OPINION

The issue is whether the board erred in sustaining the opposition, which is based upon opposer's registration of TIFFANY on the principal register and its allegation that application of the mark TIFFANY to the respective goods of the parties is likely to cause confusion in the minds of customers and to impair the general good will built up since 1868 for its mark.

Relying on its registration, appellee was under no compulsion to take any testimony, because such registration is presumed to be valid and is entitled to section 7(b) (15 U.S.C. § 1057(b)) presumptions. Coral Chemical Co. v. H. D. T. Company Factors, Inc., 332 F.2d 841, 51 CCPA 1413 (1964).

We agree with the board that the differences between the marks are of small importance to the impression created by the marks in their entireties; that no evidence is of record to show that the mark TIFFANY has been commonly used by third parties; that the goods of the parties comprise recreational equipment and purchasers thereof may be the same; that it is reasonable to assume that such purchasers familiar with the well-known mark TIFFANY[3] and with TIFFANY playing cards and chips, or cribbage boards would believe that TIFFANY bowling balls originated from the same source; and that appellant's mark, when applied to its goods, so resembles appellee's mark as to be likely to cause confusion or mistake, or to deceive for purposes of 15 U.S.C. § 1052(d).

Accordingly, the decision of the board is affirmed.

Affirmed.

1. Application serial No. 268,582, filed April 7, 1967, alleging first use in commerce on February 27, 1967.

2. Registration No. 137,722, issued November 30, 1920.

3. Tiffany and Co. v. National Gypsum Co., 459 F.2d 527, 59 CCPA 1063 (1972); Tiffany and Co. v. Tiffany Tile Corp., 345 F.2d 214, 52 CCPA 1396 (1965); Tiffany and Co. v. Boston Club, Inc., 231 F.Supp. 836 (D. Mass.1964); Tiffany and Co. v. Tiffany Productions, Inc., 147 Misc. 679, 264 N.Y.S. 459 (Sup.Ct.1932), aff'd, 237 App.Div. 801, 260 N.Y.S. 821 (1932), aff'd, 262 N.Y. 482, 267 N.Y.S. Appendix, 188 N.E. 30 (1933); and Tiffany and Co. v. L'Argene Products Co., Inc., 67 Misc.2d 384, 324 N.Y.S.2d 326 (Sup.Ct.1971), aff'd, 37 App.Div.2d 699, 323 N.Y.S.2d 642 (1971), aff'd, 29 N.Y.2d 671, 324 N.Y.S.2d 961, 274 N.E.2d 488 (1971).