## GUCCI SHOPS, INC., Plaintiff,

### v.

## R. H. MACY & COMPANY, INC., Fashioncraft Products, Incorporated, and Gimbel Brothers, Inc., Defendants.

### No. 77 Civ. 4229.

United States District Court,
S. D. New York.

Sept. 21, 1977.

Shea, Gould, Climenko & Casey by Ralph L. Ellis, New York City, for plaintiff.

Morton Amster, Amster & Rothstein, New York City, for defendant R. H. Macy & Co., Inc.

Robert B. Shaw, New York City, for defendant Fashioncraft Products Incorporated.

Solinger & Gordon, New York City, for defendant Gimbel Brothers Inc.

## MEMORANDUM OPINION ON MOTION FOR PRELIMINARY INJUNCTION

MOTLEY, District Judge.

Plaintiff Gucci Shops, Inc. (Gucci Shops), alleges in its complaint four separate claims for relief arising under federal and state law relating to trademark infringement and unfair competition. The gravamen of plaintiff's suit is to prohibit Fashioncraft Products, Incorporated (Fashioncraft) from manufacturing a "diaper bag" with a diagonal stripe on both side panels consisting of

green, red and green bands. Above the stripe, the manufacturer has silk screened the word "GUCCHI," and below the stripe, the word "GOO." Jurisdiction is based on 28 U.S.C. § 1338.

Plaintiff moved pursuant to Rule 65, Fed. R.Civ.P., for a preliminary injunction restraining defendants Fashioncraft and Gimbel Brothers, Inc. (Gimbels) from manufacturing, distributing, selling, or otherwise acting in a manner which would infringe any of plaintiff's trademarks.

At the hearing on the motion brought on by plaintiff, counsel for Fashioncraft appeared and argued in opposition. Prior to the hearing, defendant R. H. Macy & Co., Inc., voluntarily removed the offending product from its shelves. Counsel for Gimbels did not appear and the court was advised by counsel for plaintiff that Gimbels would not oppose plaintiff's application for preliminary injunction.

Though plaintiff alleges numerous claims for relief, the standard to determine whether a preliminary injunction shall issue is the same. Gucci Shops bears the burden of establishing either "probable success on the merits and possible irreparable injury, *or* —sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973); *Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356, 1358 (2d Cir. 1976).

## I.

## PROBABILITY OF SUCCESS ON THE MERITS

Plaintiff, in its affidavits, states that it is engaged in the sale and distribution of quality merchandise, which has an international and national reputation for superb craftsmanship and design. Indeed the name "Gucci" has become synonymous with that which is chic or elegant.

To enhance the uniqueness of its goods, Gucci Shops developed a number of "signatures." Two of these trademarks are the subject of this proceeding. The first, the name "GUCCI", has been used in the United States since 1953 and was registered in 1969 for use on such classes of articles as pocketbooks, travel and duffel bags, attaché and toilet cases. The other, the Gucci stripe consisting of the red band bounded by a green band on each side, has been placed on numerous items sold by the plaintiff in the United States since 1963. These two marks, when used in conjunction with each other, clearly identify the product with the plaintiff.[1] In fact, the marks were selected to associate particular merchandise with the plaintiff's founders. The trademark "GUCCI" is the name of the family that founded plaintiff, and the stripe is taken from the family flag.

The statutory test of infringement on a registered trademark is whether use of the imitating mark "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).

As to the *registered* trademark "GUCCI,"[2] except for the addition of the letter "H," defendant's mark is identical. More importantly, defendant's mark is placed on a similar item. Though Fashioncraft carefully stresses that it manufactures a "diaper bag," the article closely resembles an ordinary travel or tote bag, one of the items upon which plaintiff places the trademark "GUCCI" in conjunction with the Gucci

---

1. Glancing at the Gucci catalogue, it is evident that the "Gucci" name and stripe figure prominently on many of the items for sale. The two trademarks have been used on tote bags, totes, and dufflebags ranging in price from $89 to $390. See pages 17, 29, and 30 of the Gucci catalogue. Additionally, one of the many Gucci "signatures" appears on such diverse items as coats, umbrellas, knit tops, jackets, shoes, desk sets, cologne, and ties.

Defendant's insulated vinyl "diaper bag", however, retails for less than $10. See the Lalog and Schultz affidavits submitted by plaintiff.

2. In 1969, "GUCCI" was registered on the Principal Register as registration number 876292. See plaintiff's Savarine Affidavit ¶ 3 and Exhibit 1.

stripe. It is not inconceivable that at a glance, the "GUCCHI" mark on what appears to be a tote bag could mislead members of the public into believing that the plaintiff has allowed its mark to be copied or that plaintiff is somehow associated with the manufacture, promotion, and sale of the "diaper bag."

Additionally, the words "GUCCI" and "GUCCHI" are identical when pronounced. Phonetic similarity is another factor to be considered in determining the likelihood of confusion. *Grotrian, Helfferich, Schultz, Th. Steinweg Nachf. v. Steinway & Sons*, 523 F.2d 1331, 1340 (2d Cir. 1975).

Even if, as defendant Fashioncraft argues, no one could possibly confuse the diaper bag with the Gucci tote or travel bag, the use of the mark "GUCCHI" with the mark "GOO" on an item similar to a tote bag indicates an intent to "poke fun at" or ridicule plaintiff. The fact that the offending product was intended only as a joke is of no consequence. A well-known registered trademark such as "GUCCI" may still be protected from such ridicule by a preliminary injunction. *Coca-Cola Co. v. Gemini Rising, Inc.*, 346 F.Supp. 1183 (E.D.N.Y. 1972).[3]

Plaintiff also seeks to protect its unregistered trademark, the Gucci stripe.[4] On this point, defendant Fashioncraft alleges that

*Ventura Travelware, Inc. v. Baltimore Luggage Co.*, 66 Misc.2d 646, 322 N.Y.S.2d 93 (Sup.Ct., N.Y. County 1971), is clearly applicable. However, the *Ventura* opinion was concerned with trademarks that consisted of stripes. In this matter, Fashioncraft has used *both* the "GUCCHI" mark and a red and green stripe. Therefore, in determining whether Fashioncraft used "any false description or representation"[5] on its goods in commerce, the entire packaging or appearance of the product must be examined. *Sutton Cosmetics (P.R.), Inc. v. Lander Co.*, 455 F.2d 285, 287–88 (2d Cir. 1972). It is not unreasonable to assume that defendant's use of the "GUCCHI" mark *and* the stripe on the "diaper bag" would mislead members of the public into believing that plaintiff is somehow connected with the "diaper bag."

This court concludes that defendant Fashioncraft's trademarks have come sufficiently close to those used by the plaintiff that it is very probable that plaintiff will succeed on the merits.[6]

## II.

## IRREPARABLE INJURY

The Savarine affidavit states that plaintiff has spent over $1 million in the past five years alone to promote its merchandise

---

**3.** The defendant in *Coca-Cola Co. v. Gemini Rising, Inc.*, 346 F.Supp. 1183 (E.D.N.Y.1972), created a poster with a red background and letters in white stating "ENJOY COCAINE." The defendant Gemini Rising adopted the same distinctive print format as that used by Coca-Cola in its advertising. The court stated that the poster could not be satirical or funny *unless* it was in the context of associating the words "ENJOY COCAINE" with the "COCA-COLA" trademark. *Id.* at 1187. This unauthorized, but humorous, use of Coca-Cola Company's trademark still necessitated the issuance of a preliminary injunction. *Id.* at 1190–93.

**4.** Only registered trademarks are afforded the protection of 15 U.S.C. § 1114(1). Therefore, if plaintiff wishes to protect the use of the Gucci stripe as well, it must use Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**5.** This is one of the tests under 15 U.S.C. § 1125(a) as to trademark infringement, whether the marks are registered or unregistered.

**6.** The plaintiff also alleges substantial claims as to unfair competition and the dilution of its trademarks under state law. For instance, even if the "diaper bag" is not in competition with the Gucci tote bag and there is no possibility of confusion between plaintiff's goods and those of defendant, Fashioncraft's imitation of the "GUCCI" trademark and the Gucci stripe on an inexpensive "diaper bag" dilutes the distinctive quality of plaintiff's trademarks. For over 20 years, Gucci Shops has promoted its products as a symbol of highest quality and fashion. Certainly defendant's use of similar marks on a "diaper bag" would debilitate the potency of plaintiff's mark. *Mortellito v. Nina of California, Inc.*, 335 F.Supp. 1288, 1296 (S.D. N.Y.1972); *Tiffany and Co. v. L'Argene Products Co.*, 67 Misc.2d 384, 324 N.Y.S.2d 326 (Sup.Ct.), aff'd mem., 37 A.D.2d 699, 323 N.Y. S.2d 642 (1st Dept. 1971).

and exploit the identification value of the "GUCCI" name and the Gucci stripe trademarks. To allow Fashioncraft to continue in the manufacture of an inexpensive "diaper bag," which either misleads the public into mistakenly associating plaintiff's quality products with defendant's or ridicules plaintiff's marks, damages plaintiff's reputation and the value of plaintiff's marks. Damage to the business reputation is not compensable with money damages and may be irreparable. Therefore, the granting of the preliminary injunction against Fashioncraft is warranted.[7] *Coca-Cola Co. v. Gemini Rising, Inc.*, 346 F.Supp. 1183, 1189 (E.D.N.Y.1972); *Cutler-Hammer, Inc. v. Universal Relay Corp.*, 285 F.Supp. 636, 639 (S.D.N.Y.1968).

Submit order on notice.

---

7. There appears to be no need for the issuance of injunctive relief against either Gimbels or Macy's at this time.